IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:22-CR-47** |
| vs. | | |
| DOMINIQUE THOMAS, | | **ORDER ON DEFENDANT'S MOTION** |
| Defendant. | | **FOR SENTENCE ADJUSTMENT** |

This matter is before the Court on defendant Dominique Thomas's *pro se* Motion for Sentence Adjustment. Filing 434. In 2023, the defendant was convicted of conspiracy to distribute and possess with the intent to distribute controlled substances. Filing 198 (Text Minute Entry); Filing 216. The defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement which included the following provisions:

A. SENTENCING AGREEMENTS.

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that defendant Dominique Thomas shall be sentenced to 90 months of imprisonment. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

2. The parties agree that the defendant's conviction for attempted distribution of methamphetamine in the Douglas County, Nebraska, District Court, in CR19-707, is relevant conduct and he should receive credit for time spent in state custody for this state conviction.

Filing 197 at 3. At the defendant's sentencing hearing, the Court adopted the Rule 11(c)(1)(C) plea agreement and, consistent with the agreement, sentenced the defendant to a term of 90 months of incarceration. Filing 273 (Text Minute Entry); Filing 277 (Judgment). After the Court imposed the

sentence, counsel for the Government addressed the defendant's time previously spent in state custody, explaining that "so it's clear for the judgment purposes, per the plea agreement that Mr. Thomas should receive credit for time he spent in custody in Douglas County case, District Court CR 19-707." Filing 331 at 16. The Court responded that it "will make that part of my judgment, and I'll specifically reference that case because it's part of your deal; right?" Filing 331 at 17. Counsel for the Government confirmed that the Douglas County case was part of the plea agreement and stated that "it's largely to make sure the [Bureau of Prisons] accurately interprets what the Court and the parties tried to convey." Filing 331 at 17. The Court entered the Judgment in a Criminal Case after sentencing and specifically recommended to the Bureau of Prisons (BOP) that the "Defendant should be given credit for time served for the time spent in state custody for defendant's conviction in Douglas County District Court, Case CR19-707 as that case is relevant conduct." Filing 277 at 2. As the Eighth Circuit Court of Appeals has noted, a district court's recommendation to the BOP that a defendant should receive credit for time served is "just that, a recommendation," and "[t]he determination of whether credit should be given for time served 'is properly left to the Bureau of Prisons' and is given only 'after the defendant begins his sentence.'" *United States v. Sorenson*, 132 Fed. Appx. 668, 670 (8th Cir. 2005) (unpublished per curiam) (quoting *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)).

The defendant did not appeal his sentence, and he did not file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Instead, more than two years after his sentence was imposed the defendant filed a Motion Requesting Time Credit Clarification, Filing 424, explaining that the BOP had not credited him for the time he spent in state custody from March 23, 2020, to November 16, 2020, in Douglas County District Court case number CR19-707. The defendant asked the Court to "order" that his "Federal Sentence [run] concurrent with his conviction

time he served while under State custody." Filing 424 at 2. The Court denied the defendant's request, explaining that the BOP "is responsible for computing the sentence credit after the defendant has begun serving his sentence." Filing 433 at 6 (quoting *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006)). Now, the defendant has filed a new motion based on the credit he has not received for time spent in state custody in case number CR19-707. Filing 434 (Motion for Sentence Adjustment). This time, however, the defendant asks the Court "to adjust his sentence to reflect time that he spent incarcerated in federal custody" so that he may "receive[ ] credit for time spent in state custody that was considered Relevant Conduct to his Federal offense" by his Rule 11(c)(1)(C) plea agreement. Filing 434 at 1–2.

"Federal courts have limited authority to reduce a sentence once it is imposed." *United States v. Rodriguez-Mendez*, No. 24-2854, 2026 WL 654785, at *1 (8th Cir. Mar. 9, 2026). Under 18 U.S.C. § 3582(c), a district court can only modify a term of imprisonment if (1) there are extraordinary and compelling circumstances warranting a sentence reduction and a reduction would be consistent with the factors set out in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission; (2) modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) the defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and a sentence reduction would be consistent with the 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), and (c)(2). Additionally, Federal Rule of Criminal Procedure 36 enables a court to "at any time correct a clerical error in a judgment order, or other part of the record, or correct an error in the record arising from oversight or omission," Fed. R. Crim. P. 36, but the Eighth Circuit has cautioned

that "Rule 36 does not authorize a district court to *modify* a sentence at any time," *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) (emphasis in original).

Given the Government's representations during the defendant's sentencing hearing, the Court will defer ruling on the defendant's Motion for Sentence Adjustment until it has heard from the Government on the issue. Accordingly,

IT IS ORDERED that counsel for the Government will file a written response to the defendant's Motion for Sentence Adjustment, Filing 434, on or before April 14, 2026.

Dated this 31st day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge